<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4530**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

NORMAN MANUEL, JR.,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:11-cr-00238-WO-1)

Submitted:  December 10, 2012      Decided:  December 27, 2012

Before SHEDD, AGEE, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Norman Manuel, Jr., pled guilty, pursuant to a plea agreement, to possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Manuel to seventy-two months' imprisonment, within his properly calculated Guidelines range. See U.S. Sentencing Guidelines Manual (2011). On appeal, Manuel challenges the substantive reasonableness of the sentence, contending that it is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a) (2006). Finding no reversible error, we affirm.

This court reviews the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range[] under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). When reviewing a sentence for substantive reasonableness, this court "examines the totality of the circumstances," and, if the sentence is within the properly-calculated Guidelines range, applies a presumption on appeal that the sentence is substantively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 216-17 (4th Cir. 2010). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

2

After reviewing the record and the parties' briefs, we conclude that Manuel's seventy-two-month, within-Guidelines sentence is not substantively unreasonable, as Manuel fails to overcome the appellate presumption of reasonableness afforded his sentence. The district court carefully considered the § 3553(a) factors and showed particular concern that Manuel's prior sentences had not deterred him from participating in further criminal activity, that he had a poor employment history, and that he was a former gang member. Moreover, the court considered the particular needs of Manuel in crafting his sentence, ordering him to participate in substance abuse and mental health counseling and prohibiting him from associating with his former gang. In sum, we conclude that Manuel's carefully crafted sentence was not greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED